**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30924

SARAH FRAZIER,

Plaintiff-Appellee,

VERSUS

STATE OF LOUISIANA, through the DEPARTMENT OF EDUCATION,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana

(96-CV-1024)

February 14, 1997

Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The State of Louisiana ("the State'), through the Department of Education, appeals from the district court's denial of defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The State claims that the district court should have dismissed this action based on Eleventh Amendment Immunity.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The district court found that plaintiff-appellee Sarah Frazier's Title VII discrimination suit against her employer, defendant-appellant the State, was not barred on the basis that state governments are immune from suit.

The State does not challenge Congress' power to abrogate states' Eleventh Amendment immunity. State's Brief at 6 (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)). Instead, the State argues that *Fitzpatrick* did not hold whether Congress properly exercised that power to abrogate. The State claims that *Fitzpatrick* has been modified by subsequent decisions that require the specific finding that Congress expressly abrogated its power in the text of the statute. *Id.* (citing *Seminole Indian Tribe of Florida v. Florida*, --- U.S. ---, 116 S.Ct. 1114 (1996); *Dellmuth v. Muth*, 491 U.S. 223 (1989); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 926 (1985)). The State challenges whether Congress properly exercised its power in abrogating immunity from suit in Title VII cases.

We agree with the district court that although *Seminole Tribe* held that Congress may not abrogate states' Eleventh Amendment immunity pursuant to the Indian Commerce Clause or the Interstate Commerce Clause, the Supreme Court restated that Congress may abrogate state immunity pursuant to the 14th Amendment as held in *Fitzpatrick*. We find no error in the district court's conclusion that the amendments to Title VII abrogating immunity from suit was a valid exercise of Congress' power. District Court Ruling at 3-4

(citing *Fitzpatrick* at 453-56; *Pegues v. Mississippi State Employment Service*, 899 F.2d 1449, 1452-53 (5th Cir. 1990)).  As we stated in *Pegues*: "Congress has the power under section 5 of the Fourteenth Amendment to abrogate the state's immunity to enforce the Amendment's protections.  Congress exercised this power in enacting the Civil Rights Act of 1964."  *Id.*, 899 F.2d at 1452 (footnote citing *Fitzpatrick* omitted).

Accordingly, the district court's denial of the State's motion to dismiss is AFFIRMED.